Thomas E. Perez
  Assistant Attorney General
Dennis K. Burke
  United States Attorney
Roy L. Austin, Jr. (IL Bar #6228785)
Matthew Colangelo (NY Bar #4228797)
Peter S. Gray (DC Bar #940031)
Amin Aminfar (NC Bar #36589)
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
(ph) 202-514-6225 / (fax) 202-514-4883
(email) amin.aminfar@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Maricopa County, Arizona; Maricopa County Sheriff's Office; and Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona,<br><br>　　　　　Defendants. | No. _____<br><br>**COMPLAINT** |

　　Plaintiff, the United States of America, by its undersigned attorneys, brings this civil action for declaratory and injunctive relief, and alleges as follows:

**INTRODUCTION**

　　1. The United States brings this action to enforce Title VI of the Civil Rights Act of 1964, the Title VI implementing regulations issued by the United States Department of Justice, and related contractual assurances. The United States seeks declaratory and injunctive relief against Maricopa County, Arizona; the Maricopa County Sheriff's Office (MCSO); and Sheriff Joseph M. Arpaio (collectively, Defendants).

2. Accountability for taxpayer funds is a fundamental element of Title VI, its implementing regulations, and the contractual assurance agreements that all recipients sign as a condition of receiving federal financial assistance. As recipients of federal financial assistance, Defendants are required by law, regulation, and contract to provide the United States with access to documents, other sources of information, and facilities in connection with Title VI investigations or compliance reviews.

3. Since March 2009, the United States has attempted to secure Defendants' voluntary cooperation with the United States' investigation of alleged national origin discrimination in Defendants' police practices and jail operations. Despite notice of their obligation to comply in full with the United States' requests for information, Defendants have refused to do so. Defendants' refusal to cooperate with reasonable requests for information regarding the use of federal funds is a violation of Defendants' statutory, regulatory, and contractual obligations. The United States accordingly seeks a judgment granting declaratory and injunctive relief for Defendants' violations of the law.

4. The United States, on information and belief, alleges:

**DEFENDANTS**

5. Maricopa County is a political subdivision of the State of Arizona. Maricopa County programs and activities receive federal financial assistance from the United States Department of Justice (DOJ).

6. MCSO is a law enforcement agency in Maricopa County. MCSO is a program or activity that receives federal financial assistance from DOJ, both directly and as a subrecipient of Maricopa County.

7. Joseph M. Arpaio is the Sheriff of Maricopa County and is responsible for the operation of MCSO.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.

9. The United States is authorized to initiate this action under Title VI, 42 U.S.C. §§ 2000d to 2000d-7; and the Title VI implementing regulations, 28 C.F.R. §§ 42.101 to 42.112.

10. Declaratory and injunctive relief is sought as authorized by 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b). Defendants reside in Arizona, and a substantial part of the events or omissions giving rise to this claim occurred in Arizona.

**FACTS**

12. Title VI prohibits discrimination on the ground of race, color, or national origin in any program or activity receiving federal financial assistance. 42 U.S.C. § 2000d. DOJ has issued regulations to implement the provisions of Title VI. 42 U.S.C. § 2000d-1; 28 C.F.R. §§ 42.101 to 42.112.

13. The Title VI implementing regulations require, among other obligations, that recipients of federal financial assistance permit access by DOJ to such sources of information and facilities as may be pertinent to ascertain compliance with Title VI and the implementing regulations. 28 C.F.R. §§ 42.106, 42.107.

14. The Title VI implementing regulations also require that every application for federal financial assistance be accompanied by a contractual assurance that the program will be conducted in compliance with all requirements imposed by Title VI and the implementing regulations. 28 C.F.R. § 42.105(a)(1). Such assurances apply to the direct recipient as well as to subrecipients that receive a disbursal of funds from the direct recipient. 28 C.F.R. §§ 42.102(f), 42.105(b).

15. At all relevant times described in this complaint, Defendants have been and remain recipients of federal financial assistance from DOJ, either directly or through another recipient of federal financial assistance.

16. Maricopa County has received the following grants from the DOJ Office of Justice Programs, Bureau of Justice Assistance:

3

    a. A Fiscal Year 2009 Recovery Act Edward Byrne Memorial Competitive Grant in the amount of $2,045,584;

    b. A Fiscal Year 2009 Recovery Act Southern Border/HIDTA Grant in the amount of $685,993;

    c. A Fiscal Year 2009 Edward Byrne Memorial Justice Assistance Grant (JAG Grant) in the amount of $2,429,831; and

    d. A Fiscal Year 2009 Recovery Act JAG Grant in the amount of $10,536,695.

17. Maricopa County has provided significant funding from the grants identified in paragraph 16 to MCSO through sub-awards.

18. MCSO received a grant from the DOJ Office of Community Oriented Policing Services in 2007 in the amount of $449,999. This grant has an award period of September 1, 2007 through August 31, 2010, and a remaining balance of approximately $18,543.

19. MCSO participates in the DOJ Equitable Sharing Program, which is administered by the DOJ Criminal Division, Asset Forfeiture and Money Laundering Section (AFMLS). In its annual Equitable Sharing Agreement and Certification Report to AFMLS for Fiscal Year 2009, MCSO reported a year-end balance in its equitable sharing revenue account of $231,927.26. According to DOJ equitable sharing records, during its Fiscal Year 2010, MCSO received equitable sharing payments and tangible assets totaling $235,706.50, and has received equitable sharing payments totaling $31,162.12 since the beginning of MCSO's 2011 fiscal year, which began on July 1, 2010.

20. As a condition of receiving federal financial assistance, Maricopa County has, through its authorized representatives, signed contractual assurances agreeing to comply with all requirements imposed by Title VI and the implementing regulations. These requirements include providing DOJ with access to and the right to examine records and other sources of information. The assurances signed by Maricopa County

bind subsequent recipients and subgrantees, including MCSO, to whom Maricopa County disburses the funds.

21. As a condition of receiving federal financial assistance, MCSO has, through its authorized representatives including Defendant Arpaio, signed contractual assurances agreeing to comply with all requirements imposed by Title VI and the implementing regulations. These requirements include providing DOJ with access to and the right to examine records and other sources of information.

22. In June 2008, the United States, through the DOJ Civil Rights Division, opened a preliminary inquiry into allegations that MCSO was engaged in a pattern or practice of discriminatory law enforcement conduct.

23. On March 10, 2009, the United States notified Defendants that DOJ was initiating an investigation of MCSO regarding alleged discrimination in violation of the prohibition on national origin discrimination in Title VI, 42 U.S.C. § 2000d; the pattern or practice provisions of the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d; and the pattern or practice provisions of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141. The United States informed MCSO that the investigation would focus on allegations of discriminatory police practices and jail operations.

24. On March 25, 2009, the United States supplied Defendants with its First Request for Documents and Information (First Request), which consisted of fifty-one requests for documents. Representatives of the United States and Defendants conferred by telephone in March and April 2009 to discuss details related to the production of the documents and information requested by the United States.

25. Representatives of the United States and Defendants met in Phoenix, Arizona on April 30, 2009, to discuss the logistics of the investigation and document production. The United States explained that its investigation of MCSO would involve extensive document review, facility tours, and interviews with command staff, line officers, non-officer staff, and jail inmates.

26. On May 12, 2009, MCSO provided the United States with eleven pages of documents. This initial production was partially responsive to three of the fifty-one requests in the First Request.

27. On May 12, May 20, and May 27, 2009, the United States sought additional information from Defendants regarding the status of the remaining document production.

28. On May 29, 2009, MCSO informed the United States that it would no longer cooperate with the investigation and would not respond further to any document requests or other requests for access to sources of information issued by the United States.

29. On June 22, 2009, an attorney for MCSO reiterated MCSO's refusal to cooperate during a conference call with representatives of the United States.

30. On July 7, 2009, Defendant Arpaio held a press conference and announced publicly that MCSO would not cooperate with the United States' investigation, either by providing documents or permitting interviews with personnel.

31. On July 16, 2009, MCSO indicated to the United States that it would consider limited and partial cooperation with one portion of the investigation (involving the provision of services to persons with limited English proficiency in MCSO jail facilities), but would not cooperate with the remainder of the investigation.

32. On August 12, 2009, MCSO represented that it would provide this limited cooperation in the form of a position statement by October 2009. No statement or documents were produced by October 2009.

33. On November 10, 2009, MCSO represented that it would produce the limited position statement by mid-December 2009. No statement or documents were produced by mid-December 2009.

34. MCSO produced the limited position statement on June 14, 2010. The position statement contained documents fully responsive to only two of the fifty-one requests in the First Request, did not contain any information relevant to the

1    allegations of national origin discrimination in MCSO police practices, and did not
2    include any agreement to permit access to MCSO facilities or personnel.

3        35. On August 3, 2010, the United States notified Defendants that they were not
4    in compliance with Title VI, its implementing regulations, and related contractual
5    assurances. The United States requested compliance by August 17, 2010, and advised
6    Defendants that absent full cooperation by that date, the United States would conclude
7    that compliance could not be secured by voluntary means.

8        36. In a letter dated August 5, 2010, MCSO refused to cooperate in full with
9    DOJ's investigation of both MCSO police practices and jail operations. MCSO also
10   requested a meet-and-confer to discuss the United States' August 3 letter.

11       37. On August 12, 2010, Maricopa County acknowledged the obligation of
12   federal fund recipients to cooperate with DOJ investigations, and directed MCSO to
13   fully cooperate in any DOJ Title VI inquiry.

14       38. MCSO responded to Maricopa County the next day and refused to comply
15   with Maricopa County's instruction.

16       39. Maricopa County has been unable to compel MCSO to produce all of the
17   requested documents, and is unable to secure access to MCSO's facilities and staff.

18       40. On August 24, 2010, the United States and MCSO held a meet-and-confer to
19   discuss the United States' investigation and requests for access. The United States
20   memorialized that meeting and communicated its expectations in writing the following
21   day. The United States also clarified and narrowed the scope of the two document
22   requests as to which MCSO had requested clarification during the meet-and-confer.

23       41. On August 27, 2010, MCSO advised the United States by letter that it would
24   not cooperate in full with the investigation.

25       42. The United States has determined that all administrative requirements have
26   been exhausted and securing compliance from Defendants cannot be achieved by
27   voluntary means.

28       43. On September 2, 2010, the United States notified Defendants that they had

failed to comply with Title VI, its implementing regulations, and related contractual assurances, and that this lawsuit would follow.

**FIRST CLAIM FOR RELIEF:
DEFENDANTS' DENIAL OF ACCESS TO SOURCES OF INFORMATION VIOLATES TITLE VI AND ITS IMPLEMENTING REGULATIONS**

44. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-43 above.

45. Defendants received and continue to receive federal financial assistance for their programs and activities.

46. Defendants have denied the United States access to such sources of information and facilities as may be pertinent to ascertain compliance with Title VI and its implementing regulations.

47. Defendants' denial of access to these sources of information and facilities violates Title VI and its implementing regulations.

**SECOND CLAIM FOR RELIEF:
DEFENDANTS' DENIAL OF ACCESS TO SOURCES OF INFORMATION VIOLATES THE TITLE VI ASSURANCES**

48. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-43 above.

49. Defendants signed contractual assurance agreements with the United States that all programs and activities receiving federal financial assistance would be conducted in compliance with all of the requirements of Title VI and its implementing regulations, including providing the United States with the right of access to documents, facilities, and other sources of information as may be pertinent to ascertain compliance with Title VI and the implementing regulations.

50. Defendants have denied the United States the right of access to documents, facilities, and other sources of information as are pertinent to ascertain compliance with Title VI and the implementing regulations.

51. Defendants' denial of access violates the Title VI assurances.

**PRAYER FOR RELIEF**

52. The United States is authorized by Title VI and its implementing regulations to seek relief for Defendants' refusal to provide the United States with access to documents, facilities, and other sources of information necessary for the United States to determine whether Defendants are in compliance with the nondiscrimination requirements of Title VI and its implementing regulations.

WHEREFORE, the United States prays that the Court:

a. Declare that Defendants have violated Title VI, its implementing regulations, and related contractual assurances by failing to provide the United States with access to documents, facilities, and other sources of information pertaining to the investigation of alleged national origin discrimination;

b. Direct Defendants to provide the United States access to documents, facilities, and other sources of information pertaining to its investigation, including by directing Defendants to comply with the First Request for Documents and Information, and all future requests; and

c. Order such other relief as the interests of justice may require.

DATED: September 2, 2010

Thomas E. Perez
Assistant Attorney General

Dennis K. Burke
United States Attorney

*/s/ Amin Aminfar*
Roy L. Austin, Jr. (IL Bar #6228785)
Matthew Colangelo (NY Bar #4228797)
Peter S. Gray (DC Bar #940031)
Amin Aminfar (NC Bar #36589)
U.S. Department of Justice
Civil Rights Division

950 Pennsylvania Avenue, N.W.
Washington, DC 20530
(ph) 202-514-6255 / (fax) 202-514-4883
(email) amin.aminfar@usdoj.gov

Attorneys for the United States